UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MELVIN L. FERGUSON,                 )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 04-1695 (CKK)
                                    )
FRED FIGUEROA, *et al.*,            )
                                    )
            Defendants.             )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss the complaint. Having considered defendants' motion, plaintiff's opposition, and the entire record of this case, the Court will grant defendants' motion.

I.   BACKGROUND

Plaintiff is a District of Columbia inmate who is incarcerated at the Correctional Treatment Facility ("CTF"), a facility operated by the Corrections Corporation of America ("CCA"). Plaintiff alleges that, in August 2004, he was denied access to CTF's law library for reasons that are not described in the Complaint. Compl. at 2. He further alleges that, on September 1, 2004, he was unable to make copies of papers for filing in a pending court case because no paper was available. *Id.* He appears to assert that his inability to access legal materials and to make copies for a court filing violate the First Amendment to the United States Constitution, in that defendants deprived him of his right to access the courts. *See id*. at 1-2. He brings this civil rights action against

1

CCA and seven CCA employees under 42 U.S.C. § 1983, and demands damages of $50 million and injunctive relief. *Id.* at 3.

## II.  DISCUSSION

Defendants move to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. A complaint should not be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); Fed. R. Civ. P. 12(b)(6). The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.,* 116 F.Supp. 2d 131, 135 (D.D.C. 2001). The Court is not obligated, however, to draw inferences that are not supported by the facts alleged. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a complaint must allege facts sufficient to show that the conduct of which plaintiff complains (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of a constitutionally-protected right. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). The District of Columbia is a municipality and is considered a "person" for purposes of Section 1983. *See, e.g., Best v. District of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990). The Supreme Court instructs that a municipality cannot be held liable for monetary, declaratory or injunctive relief under 42 U.S.C. § 1983 unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Services of*

*the City of New York*, 436 U.S. 658, 690 (1978).  Nor can a municipality be held liable under Section 1983 simply because of the action or inaction of persons in its employ. *Id.* at 691 (municipality "cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"); *see Arnold v. Moore*, 980 F.Supp. 28, 35-36 (D.D.C. 1997) (citing *Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C. Cir. 1987)) (holding that high level public officials are fellow government servants, not employers, of their subordinates, and cannot be held liable on the basis of *respondeat superior*).

Although the D.C. Circuit has not addressed this issue, two judges in this district have concluded that, when a private corporation is acting under contract with the District of Columbia government to operate a correctional facility, Section 1983 liability depends on the plaintiff's ability to allege that his injury is the result of a custom or policy of the private corporation.  *See Hannon v. Beard*, No. 02-1779 (PLF) (D.D.C. Sept. 26, 2003 ) (concluding that, in order Section 1983 liability to attach, plaintiff must allege a violation of constitutional rights resulting from pattern or practice of private corporation providing transportation services for inmates); *Gabriel v. Corrections Corp. of America*, 211 F. Supp. 2d 132, 138 (D.D.C. 2002).  In this case, the complaint is deficient because it does not allege any CCA policy or custom that would give rise to CCA's liability for a constitutional violation.

### III. CONCLUSION

Because the complaint fails to state a claim upon which relief can be granted, defendant's motion to dismiss will be granted. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

 /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: October 31, 2005